UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| CHARLES ALPINE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JIMMY SMITH,<br><br>　　　　　　　Defendant. | 3:19-CV-03001-RAL<br><br><br>ORDER SCREENING AND<br>DISMISSING CASE |

Charles Alpine, an inmate in Texas state custody, has filed a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Alpine has named as the Defendant Jimmy Smith of the Iowa Park, Texas prison where Alpine is incarcerated. Doc. 1. Alpine's later motion to proceed in forma pauperis, Doc. 3, reveals that he is indigent. Alpine's prisoner trust account form, Doc. 4, confirms that he is in the custody of the Texas Department of Criminal Justice. Alpine's habeas corpus petition is incomprehensible to this Court. See Doc. 1.

Alpine's § 2241 habeas case filed in the District of South Dakota may be dismissed for two reasons. First, § 2241 habeas cases brought by state inmates like Alpine are to proceed in the judicial district where the state conviction arose or where the defendant is incarcerated. 28 U.S.C. § 2241(d). Alpine is in custody in Iowa Park, Texas, not in South Dakota. Alpine's conviction must have been in Texas because he is in the custody of the Texas Department of Criminal Justice. He is not in the custody of the South Dakota Department of Corrections for any state conviction

1

within the District of South Dakota. His § 2241 petition therefore should be filed in a federal court in Texas, not South Dakota.

Second, Alpine's § 2241 habeas case cannot survive screening under 28 U.S.C. § 1915A because it fails to state a claim on which relief could be granted. In short, Alpine's petition is incomprehensible. Even though a pro se complaint is to be liberally construed, it "must contain specific facts supporting its conclusion." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993). The screening process allows the district court to dismiss claims that are irrational or incomprehensible. Denton v. Hernandez, 504 U.S. 25, 32 (1992). Thus, rather than transferring this case to federal court in Texas, this Court will dismiss the case and allow Alpine to file a more comprehensible petition in Texas federal court.

Alpine is indigent, so his motion to proceed in forma pauperis is granted as to the $5 filing fee. Otherwise, with the case being dismissed, the motion is moot. Therefore, it is hereby

ORDERED that Alpine's § 2241 petition is screened and dismissed without prejudice to refiling a comprehensible petition in federal court in Texas, and that his motion to proceed in forma pauperis, Doc. 3, is granted only to the extent that that filing fee is waived.

DATED this 12th day of February, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

2